## COMMONWEALTH *vs.* SIMON O'KEEFE.

Bristol. October 23, 1877. LORD & SOULE, JJ., absent.

A complaint under the St. of 1875, c. 99, alleged that the defendant "did keep intox-icating liquors with intent to sell the same in this Commonwealth," he "not being then or there appointed, authorized or licensed to sell the same in this Common-wealth for any purpose nor by any legal authority whatsoever." *Held*, that the defects were formal, and could not be taken for the first time in the Superior Court.

COMPLAINT to the First District Court of Bristol, alleging that the defendant, on February 16, 1877, "did keep intoxicating liquors with intent to sell the same in this Commonwealth, he the said Simon O'Keefe not being then or there appointed, authorized or licensed to sell the same in this Commonwealth for any purpose nor by any legal authority whatsoever."

In the Superior Court, on appeal, after a verdict of guilty, the defendant moved in arrest of judgment for the following reasons: That the complaint sets forth no offence, either in form or substance, over which any court in this Commonwealth has jurisdiction; that the offence, if any, is one made punishable under the St. of 1869, c. 415, §§ 31, 36, which was repealed by the St. of 1875, c. 99, § 22; that there is now no such offence known to the law as "keeping intoxicating liquor with intent to sell" under any circumstances, but the offences are confined, under the St. of 1875, c. 99, § 1, to such persons as "shall sell, or ex-pose, or keep for sale;" that the negative averment in the complaint negatives only a present right to sell, but not the right to keep with intent to sell, — neither does it aver that he unlaw-fully kept the liquor, nor that he had an intent unlawfully to sell; and that a future intent to sell may be to sell lawfully.

*Brigham*, C. J., overruled the motion; and the defendant al-leged exceptions.

*J. Brown*, for the defendant, contended that, under the St. of 1875, c. 99, it was no offence to keep intoxicating liquors with intent to sell the same; that there was no averment of any un-lawful intent; that, no court having jurisdiction of the alleged offence, a motion in arrest of judgment would lie; and cited *Melody* v. *Reab*, 4 Mass. 471, 473; *Cleaveland* v. *Norton*, 6 **Cush.**

380, 383; *Hopkins* v. *Commonwealth*, 3 Met. 460, 462; *Chamber-lain* v. *Hoogs*, 1 Gray, 172.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. This case comes within the same rule as *Commonwealth* v. *Lewis*, *ante*, 251, and the cases there cited. The charge of keeping intoxicating liquors with intent to sell them without authority must have been understood by the defendant as alleging that he kept them for sale, in violation of the St. of 1875, *c.* 99, which was the only statute in force at the time in question, and the defect is mere matter of form.

*Exceptions overruled.*