COMMONWEALTH *vs.* CHESTER M. SPRAGUE.

Bristol.   Oct. 28, 1879. — Jan. 24, 1880.   COLT & AMES, JJ., absent.

A complaint, alleging that the defendant " did keep intoxicating liquors with intent to sell the same in this Commonwealth," he not being authorized to sell the same, sets forth an offence within the St. of 1875, c. 99.

COMPLAINT on the St. of 1875, *c.* 99, to the First District Court of Bristol, alleging that the defendant, at Attleborough, on September 24, 1878, " did keep intoxicating liquors with intent to sell the same in this Commonwealth, he, the said Sprague, not being authorized, appointed or licensed according to law to sell the same in this Commonwealth for any purpose, nor by any legal authority whatever."

In the Superior Court, the defendant filed a motion to quash the complaint, on the ground that it set forth no offence known to the law. *Pitman*, J. overruled the motion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, for the defendant, contended that, the St. of 1869, *c.* 415, making the keeping of intoxicating liquors with intent to sell the same an offence, being repealed by the St. of 1875, *c.* 99, and the latter statute not enumerating this among the offences mentioned, the motion to quash should have been granted.

*G. Marston*, Attorney General, for the Commonwealth.

MORTON, J.   The St. of 1875, *c.* 99, § 1, provides that " no person shall sell, or expose, or keep for sale, spirituous or intoxicating liquors, except as authorized in this act." The complaint in the case at bar alleges that the defendant, at the time and

place named, " did keep intoxicating liquors with intent to sell
the same in this Commonwealth," he not being authorized to
sell the same. The allegation of the complaint is equivalent to
an allegation in the words of the statute, that the defendant
did at the time and place named " keep for sale " intoxicating
liquors without authority. Each allegation imports that he kept
the liquors with the present intent to sell them when called for
by purchasers.

In *Commonwealth* v. *O'Keefe*, 123 Mass. 252, the complaint was
in the same form as in the case at bar, and it was held that
the allegation was substantially the same as an averment in the
words of the statute, and that the defect in the form of the alle-
gation furnished no ground for arresting judgment. Unless the
two allegations are essentially the same, the defect would be
equally fatal upon a motion in arrest of judgment as upon a
motion to quash the complaint.

We are of opinion that the defendant's motion to quash was
rightly overruled.                      *Exceptions overruled.*