## THE STATE v. MOHR. ·

1. **Criminal Law:** INFORMATION: SUFFICIENCY OF. An information charging a defendant with keeping intoxicating liquors "for the purpose of sale," is equivalent to one charging him with keeping "with intent to sell," the offense defined by statute, and is sufficient.

*Appeal from Iowa District Court.*

WEDNESDAY, APRIL 7.

THE following information against the defendant was filed before a justice of the peace:

"STATE OF IOWA
     *v.*
"HENRY MOHR.

"The defendant is accused of the crime of keeping intoxicating liquors with intent to sell.

"For that the defendant, on the 26th day of July, A. D. 1879, at the town of Victor, Hartford township, Iowa county, Iowa, did have in his possession certain kegs, bottles and barrels of intoxicating liquors for the purpose of sale in his saloon building in Victor, Iowa. Said packages taken by virtue of a search warrant from the said Henry Mohr from his premises.

"Contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Iowa."

To said information the defendant demurred, on the ground it did not charge that the defendant kept said liquors "with intent to sell the same in violation of the laws of the State."

The demurrer was overruled by the justice, and the defendant was tried and convicted. He appealed to the District Court, where the demurrer was sustained, and the defendant discharged. The State appeals.

*J. F. McJunkin, Attorney General,* and *M. P. Smith, District Attorney,* for the State.

No appearance for defendant.

SEEVERS, J.—The language of the statute is that "No person shall own, or keep  *  *  any intoxicating liquor with intent to sell the same in this state." If any person so does he is deemed guilty of a misdemeanor. Code, § 1542. The information charges the liquors were "kept for the purpose of sale," instead of "with intent to sell the same," as provided in the statute.

**1. CRIMINAL law: information: sufficiency of.**

Words used in a statute to define a public offense need not be strictly pursued in an indictment, but other words having the same meaning may be used. Code, § 4304. This is, also, true as to an information. Code, § 4663. There is no difference in the meaning between the words used in the information and the corresponding words in the statute; kept for the "purpose of sale," has the same meaning as kept "with intent to sell," and the defendant must have been so advised and so understood. See *The State v. Collins*, 11 Iowa, 141; *The State v. Freeman*, 27 Id., 333.

REVERSED.