## In Re the Liquors of George W. Hoxsie & Co.

15 241
15 245

Pub. Stat. R I. cap. 87, § 39, provides: "All intoxicating liquors, and the vessels containing the same, seized under this chapter, which were kept for sale in violation of law, shall be forfeited to the State, and the officer making such seizure shall forthwith proceed to prosecute for the forfeiture thereof in the manner provided by law."

*Held,* that the words "the officer . . . shall forthwith proceed" were directory, and that delay on the part of the officer did not relieve the liquors from forfeiture.

Under Pub. Stat. R. I. cap. 87, an information for the forfeiture of intoxicating liquors charged that the liquors were kept "for sale within the State, in violation of law."

*Held,* that the information was sufficient without the addition of "with force and arms," "against the statute," "with intent to sell," and without negative averments.

Exceptions to the Court of Common Pleas in proceedings for forfeiture under Pub. Stat. R. I. cap. 87.

*Providence, January* 30, 1886. Stiness, J. The only exceptions presented at the hearing relate to the sufficiency of the information. Pub. Stat. R. I. cap. 87, § 39, provides that the officer making a seizure of liquors " shall forthwith proceed to prosecute for the forfeiture thereof in the manner provided by law." In this case a little over three months elapsed between the seizure and the filing of the information. The defendants therefore claim that the officer, in failing to make complaint "forthwith," lost his right to complain at all, and became a trespasser *ab initio.* We think the provision in the statute is directory. It is intended to bring the question of forfeiture to a speedy trial, and to impose responsibility upon an officer for unnecessary delay. But, having said that all liquors seized under this chapter shall be forfeited, if the cause of forfeiture be proved, it cannot be supposed that the legislature intended that the neglect of an officer to prosecute speedily should exempt liquors from forfeiture which are kept for sale in violation of law. The forfeiture depends upon the breach of the law, and not upon the diligence of the officer. Several cases are mentioned in the statutes in which an officer may arrest per-

sons without a warrant, and detain them a certain number of hours for prosecution, e. g. for disturbing meetings; fighting birds and animals; cruelty to animals; stealing oysters from beds; stealing growing fruit and vegetables; and refusal to leave disorderly houses. Suppose an officer should detain a person charged with one of these offences longer than the specified time; could any one claim that the offender was thereby exculpated? The officer may become liable for illegal detention, but the prisoner will still be held to answer for his offence, if proved. So if an officer neglects to prosecute for the forfeiture of goods seized, as in *Kent* v. *Willey*, 11 Gray, 368, he may be treated as a trespasser *ab initio*, for in such a case no justification of the seizure is shown. The cases cited by the defendants do not touch the point. They are cases relating to the civil liability of an officer when he does not show a justification under the law.

The next objection is that the information is informal and insufficient, because it does not charge an offence " with force and arms; " " against the statute; " that it does not contain negative averments setting out a lack of authority to keep liquors for sale, and does not charge that they were kept " with intent " to sell. An information is in the nature of a criminal prosecution, and must set out fully the charge upon which the forfeiture is to be based. Generally, however, if a charge conforms to a statute in setting out an offence, it is sufficient. Pub. Stat. R. I. cap. 87, § 29, provides that " no negative allegations of any kind need be averred or proved in any complaint under this chapter." Also § 61 provides that proof of a violation of any of the provisions of the chapter, " the substance of which is briefly set forth " in the complaint or information, shall be sufficient. Further, § 28 provides that the form there given, " if substantially followed, shall be sufficient in law to fully and plainly, substantially and formally, describe the offences set forth " in §§ 25, 26, the latter of which is for keeping liquors for sale unlawfully. The charge in this information is that the liquors described were kept by the defendants " for sale within this State, in violation of law, upon said date." Comparing this with the provisions above referred to, we think that the form given in § 28 is " substantially followed." The addition of the words " with force and arms," or the use of the

phrase "against the statute," instead of "in violation of law," would give to the defendants no more definite information of the charge than is given in the form used. Reference is made in the information to chapter 87, under which the liquors were seized, and the words "kept for sale" are quite as explicit as the words "kept with intent to sell." The language of § 26 is "kept for the purposes of sale." All the essential elements of the charge are contained in the information. Upon this point see *Commonwealth* v. *Sprague*, 128 Mass. 75, and *State* v. *Mohr*, 53 Iowa, 261.

The other exceptions are not pressed; nor do they, in our opinion, require attention.                *Exceptions overruled.*

*Charles C. Mumford*, Assistant Attorney-General, for the State.

*Crafts & Tillinghast*, for claimants.