MARY BOWER, AND/OR MARIE BOWER, PETITIONER-DEFENDANT, v. METAL COMPOUNDS CORPORATION, PROSECUTOR.

Submitted October 4, 1938—Decided December 22, 1938.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead*).

For the petitioner-defendant, *Braff & Litvak* (*Joseph N. Braff*).

Bodine, J. The writ brings up for review proceedings in the Court of Common Pleas confirming an award as made in the bureau to the two minor children of the deceased. He died as the result of an accident arising out of and in the course of his employment. The sole question is the dependency of the two children residing in his household of whom more will be noted. The statute provides as follows (*R. S.* 34:15-13g) : "The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: Husband, wife, parents, step-parents, grandparents, children, step-children, grandchildren, child *in esse,* posthumous child, illegitimate children, brothers, sisters, half-brothers, half-sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death."

The mother of the two children, one born before and one after decedent's death, had lived with the deceased for several years without benefit of a ceremonial marriage. In fact, a marriage would have been bigamous so far as one was concerned and perhaps as far as both. They shared a common

bed and board. She was on relief at the time the first child was born and in the birth certificate indicated that another than the deceased was the father. Obviously, a new name and a new situation would alter the relief payments and since the deceased's earnings were very meagre self-interest dictated a course not consistent with truth. The record is voluminous, but the weight of evidence established by the testimony of unbiased relatives and neighbors, the attending physician, and the neighborhood druggist, indicate that the deceased and the petitioner were regarded in the community as husband and wife and the two children as their natural children. Such indeed seems to be the case.

Prosecutor contends that the two children were not the children of the deceased, but we do not think this conclusion can be arrived at, except by rejecting the testimony of those who, by reason of their closeness to the circumstance of birth, know most about the situation. The learned trial judge made a most careful analysis of the testimony, and his conclusions were sound and in accord with the probabilities of life as it it is to be observed where ignorance, immorality and poverty thrive.

Our statute is broadly drawn and is to be liberally construed, to the end that industry may bear its share of the expense incident to dependency in the household of a workman injured or killed by an accident arising out of and in the course of his employment. The workman's dependent children residing in his household, whether born in or out of wedlock, and also those legally adopted, are brought within the classification of conclusive presumption of dependency. *Splitdorf Electrical Co.* v. *King*, 90 *N. J. L.* 421.

"It will be observed that the test is as to the dependency of a child upon the father. It is not governed in the slightest degree by the amount of money actually contributed to, or expended upon the child." *Comparri* v. *James Readding, Inc.*, 120 *N. J. L.* 168, 170.

It is no concern of the court that the natural children of the deceased were in part supported by the relief money obtained by their mother, because as such children they were

dependent upon the deceased because they were his natural children under sixteen years of age and part of his household at the time of his death.

The judgment under review will be affirmed.