H. E. Rutland *vs.* Boston & Maine Railroad Company.

Aroostook.     Opinion, November 17, 1939.

*Bernard Archibald,* for plaintiff.
*Cook, Hutchinson, Pierce & Connell,* for defendant.

Sitting : Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

Sturgis, J.    Action of trover to recover the value of a carload of potatoes. On motion, the Trial Court granted an involuntary non-suit. The case is before the Law Court on exceptions to that ruling and the exclusion of evidence.

Viewing the evidence most favorably for the plaintiff, the following material facts appear. H. E. Rutland, an Aroostook potato dealer, on or about May 9, 1936, sold and shipped a carload of four hundred sacks of potatoes to M. Carp & Son of Boston. The sale was made through the American Fruit Growers, Inc. of Washburn as selling agents, and the shipment was made from Presque Isle, Maine. The initial carrier, the Aroostook Valley Railroad Company, on the seller's request, issued a uniform straight bill of lading to him

as consignor, naming his agent, the American Fruit Growers, Inc., as consignee, with notation, "Advise M. Carp & Son," the buyer. There was also written into the bill of lading directions to "Allow Inspection" and "Deliver only on written order of American Fruit Growers Inc. without original B/L." The Boston & Maine Railroad Company, the defendant, was named as delivering carrier. Although not of controlling importance here, it may be noted that the bill of lading was retained by the consignor, and the American Fruit Growers, Inc., agent and consignee, having been notified of car number and contents, invoiced the car to and drew on the buyer, attaching an order authorizing delivery without bill of lading upon payment of draft, freight and other charges. These were forwarded to the First National Bank of Boston for collection, and against the draft the American Fruit Growers, Inc. made a substantial advance to the seller.

The car of potatoes arrived in Boston on May 12, 1936, and on the next day was moved to the potato house of M. Carp & Son adjoining a side track of the Boston & Maine Railroad Company in Charlestown, where, on request of M. Carp & Son, an appeal inspection was made by a representative of the United State Department of Agriculture and the potatoes reported to be below grade. On the next day, when a second appeal inspection was attempted, a visit to the car disclosed that about three hundred sacks of potatoes had been unloaded. Although it does not appear why, when, or by whom the potatoes were removed or to what place they were taken, it is established that upon being notified by the Boston & Maine Railroad Company that the shipment remained undelivered, the plaintiff directed the American Fruit Growers, Inc. to recondition the car and sell the potatoes through a local commission merchant, and on this resale there were three hundred and ninety-six sacks of potatoes in the car in which the original shipment was made, all previously taken out having been returned or replaced by others subject only to a normal loss or shrinkage.

The contention of the plaintiff is that potatoes of an inferior grade were substituted for those removed from the car on the side track in Charlestown, and the three hundred sacks which were unloaded were either misdelivered, or stolen, or lost through the negligence of the Boston & Maine Railroad Company, the delivering

carrier. Assuming these claims have merit, the plaintiff can not here prevail. If the potatoes were stolen or lost through the negligence of the carrier, in this jurisdiction trover will not lie. A loss by mere nonfeasance will not sustain this form of action. *Dearbourn* v. *Union National Bank*, 58 Me., 273. See *Bowlin* v. *Nye*, 10 Cush. (Mass), 416; *Packard* v. *Getman*, 4 Wend (N. Y.), 613; *Hawkins* v. *Hoffman*, 6 Hill (N. Y.), 586. And misdelivery is not established by competent evidence. Surmise or conjecture can not be substituted for proof. *Ross* v. *Porteous, Mitchell & Braun Co.*, 136 Me., 118, 3 A., 2 d., 650; *Thibodeau* v. *Langlais*, 131 Me., 132, 159 A., 720; *Averill* v. *Cone*, 129 Me., 9, 149 A., 297.

It is not necessary to consider other questions claimed to be involved in the case and argued on the briefs, nor the exception to the exclusion of evidence. The plaintiff having failed to prove a wrongful act by the defendant carrier amounting to a conversion and for which trover will lie, this action can not be maintained and the order of nonsuit in the Trial Court must stand.

*Exceptions overruled.*