ESSEX COUNTY COURT OF COMMON PLEAS.

ERNESTINE GLIEWE, PETITIONER-APPELLANT, v. MUL-
BERRY METAL STAMPING WORKS, INC., A CORPORA-
TION, RESPONDENT-APPELLEE.

Decided July 6, 1940.

For the petitioner-appellant, *Edward R. McGlynn* (*Joseph Weintraub*).

For the respondent-appellee, *George E. Meredith* (*Cox & Walburg*, by *Arthur F. Mead*).

HARTSHORNE, C. P. J.   The petitioner here is the mother of one Walter Gliewe, who was burned to death by an accident, arising out of and in the course of his employment. Respondent concedes this, and that the mother was partially dependent upon the earnings of her son, but denies she was totally dependent on him.   This, the question of total or partial dependency on the son, is the issue.

The answer to this question, in turn, depends upon whether or not the mother was also "dependent," within the meaning of the act, upon the father and another son, Guenther.   The deceased son contributed $15 per week to the household, his brother but $8 per week.   Since the total family fund was $23 per week for three people (the father not being included

for reasons hereafter stated), it would appear that the maintenance cost of each of the three, the sons included, was approximately $8 per week, Guenther's contribution being intended merely to cover the cost of his maintenance.

Dependency depends upon actual support. *Hammill* v. *Pennsylvania Railroad,* 87 *N. J. L.* 388; 94 *Atl. Rep.* 313; 88 *N. J. L.* 717; 96 *Atl. Rep.* 292; *Conners* v. *Public Service Electric Co.,* 89 *N. J. L.* 99. Hence, the son who took out, for his maintenance, all that he put in, obviously did not support his mother. She was, therefore, not a dependent upon him.

As to the father, economic circumstances had forced him to seek his livelihood in Pennsylvania, where he had part-time employment only, as a substitute compositor with a small foreign-language newspaper. Due to the fact that he was generally away from home, his situation must be separately considered. He returned from Pennsylvania to live home about one week out of every month, thus costing the family about $8 a month. He contributed widely varying sums, from $3 or $4 a month to $15 a month sometimes, as the commissioner found. His earnings were so varied in amount that often the family not only had to take care of him when he was home, but at times had to pay for his laundry and give him railroad fare. Clearly, his support of petitioner was insubstantial, if indeed not the opposite.

It thus appears that, in fact, decedent was petitioner's sole substantial support. The bureau, while agreeing as to this fact, concludes that petitioner was not a total dependent of decedent, simply because the statute (*R. S. 1937,* 34:15-13; *N. J. S. A.* 34:15-13), in case the husband dies, "conclusively presumes" dependency of the widow and children on him, if they "were actually a part of the decedent's household *at the time of his death.*"

But this conclusive presumption is a legal fiction. It was created by the legislature solely for the benefit of the wife and children, to insure their protection on the death of their natural protector. It is not intended to be invoked except upon the death of the family's natural protector. It entirely

contravenes the legislative intent, to turn this shield of protection and support of the family into a sword to cut down its protection and support.

That legal fictions must always be confined to their purpose and intent, is not only common sense, but common law. 25 *C. J.* 1086. Indeed, if we apply the bureau's argument consistently, we reach a *reductio ad absurdum.* For if the family is to be conclusively presumed to be dependent upon the husband and father, whether he be alive or dead, then, because of that fiction, the family could never as a fact, under any circumstances, be totally dependent upon any one else, and this even if the facts were indisputably to the contrary.

Since it is well settled that, with this one fictional exception, dependency is always a question of fact, it follows that this fiction cannot be resorted to, contrary to its intent, under circumstances to which it does not apply. Hence, the petitioner here is a total dependent of the son who made the only net contribution to the family exchequer. (Note the similar case of *James Pepper & Co.* v. *Travis (Ky.)*, 86 *S. W. Rep.* (*2d*) 683.)

A determination may be entered accordingly.