ERNESTINE GLIEWE, PETITIONER-DEFENDANT, v. MUL-
BERRY METAL STAMPING WORKS, INC., A CORPORA-
TION, PROSECUTOR.

Submitted October 1, 1940—Decided December 20, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the petitioner-defendant, *Edward C. Speiser* (*Edward
R. McGlynn* and *Joseph Weintraub,* of counsel).

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead,* of
counsel).

BROGAN, CHIEF JUSTICE. In this compensation case the
employer has a writ of *certiorari* to review a single question,
namely, the degree of dependency that should have been deter-
mined to exist, under the circumstances here exhibited in the
case of the petitioner, a mother, on the death of one of her
sons. The petitioner contends her dependency on the deceased
was total, the employer that it was partial. The deceased

son concededly met his death by accident arising out of and in the course of his employment, had been earning $22 a week, and lived with his mother and brother. His father, the husband of the petitioner, lived practically all the time in Philadelphia, Pennsylvania, where he was employed as a "substitute" linotyper. The money contributions of the father to the mother amounted to "sometimes $15 a month; sometimes less." At the time of his death decedent was contributing $15 a week towards the maintenance of the household. The older brother, who with the mother and the decedent, made up the household, contributed $8 a week and put aside the balance of his wages because he was shortly to be married. His contribution was just about enough to pay for his board and lodging. The husband's employment as a substitute linotyper was not steady and his earnings, in the main, depended upon the absence of a regular linotyper. For this reason his income fluctuated. The testimony is that generally he made about enough to support himself and it was only when his earnings were higher than his general average that he made the contribution of $15 a month. It was his custom to return to the family home in Newark about twice a month remaining "sometimes two or three days—sometimes a week."

On this phase of the case the facts in evidence compel the conclusion that the husband's contributions to his wife were less than the amount spent on him by her for his board, &c., when he returned to the Newark home. At times she found it necessary to give him money for the train fare to Philadelphia. At all events, the contributions were not in excess of the expenses made necessary by his periodical visits.

The deputy commissioner in the bureau found that the petitioner, as a matter of law, was a dependent of her husband, resting this conclusion on a construction of the statute, *infra*. Nonetheless a judgment was awarded the petitioner based on a partial dependency on the deceased son. To find that the petitioner was a total dependent of the husband and at the same time a partial dependent of the decedent, makes an anomalous result. The bureau relied on *Alexander* v. *Cunningham Roofing Co.*, 124 *N. J. L.* 390. But that case is no authority for the proposition advanced by the bureau.

The statute containing the applicable law is as follows (*R. S.* 34:15-13) :

"g. The term 'dependent' shall apply to and include any or all of the following who are dependent upon the deceased at the time of the accident or death, namely: * * * parents. * * * Dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age who were actually a part of the decedent's household at the time of his death. * * * in the case of persons only partially dependent, except in the case of the widow and children who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages and the provision as to a ten dollar minimum shall not apply to such compensation * * *."

On appeal, the Pleas held that the petitioner in fact was a total dependent of the decedent; that the surviving son contributed only so much to the household as was actually necessary for his own support; that the mother was not his dependent; that the father's contributions "were insubstantial if indeed not the opposite." It was also determined in the Pleas that the decedent was his mother's sole substantial support and that she was totally dependent upon him. We are in entire accord with this judgment. As a matter of fact, it seems to us that the fact finding in both tribunals was in substance identical. The bureau went astray, we think, in construing the statute on the theory that the Alexander case, *supra,* pre-empted it from any other determination than the one at which it arrived, but that case is limited to the scope of the statutory presumption that dependency "shall be conclusively presumed as to the decedent's widow * * *." The statute, being remedial in nature, should at all times have a liberal construction. Here the petitioner, because of her husband's inability to provide for her, was totally dependent upon the earnings of her deceased son for support. The statutory fiat of conclusive presumption in the case of a decedent's widow does not prevent a mother, before she is widowed, from being totally dependent upon some other member of the

household. Nothing in the statute makes doubtful the right of the petitioner to recover compensation based on the degree of dependency that really existed when death, compensable under the law, comes to that member of the family to whom the mother was obliged to look for support. The statutory mandate that a widow and natural children under sixteen years of age, actually part of the decedent's household at the time of his death, are conclusively presumed to be his dependents, is a sound, sociological principle. That it may be contrary to fact in many cases does not make it any the less sound public policy. It does not follow that because there be a legal presumption of dependency, under our statute, *supra,* in favor of a widow on the death of her husband, she may not, as here, have been entirely dependent on her son while her husband was living.

Our judgment is that the petitioner was a total dependent of the deceased. The dependency being total, the provision as to the $10 "minimum" applies to the amount of compensation. This provision is paragraph k of *R. S.* 34:15-13; and as the deceased employe was receiving wages of more than $10 per week the qualification of the minimum found in that paragraph does not apply. Consequently, the award in the Pleas of $10 a week for three hundred weeks is correct.

The judgment of the Pleas will be affirmed, and the writ of *certiorari* dismissed, with costs.