JOSEPH PETROZZINO, PETITIONER-APPELLANT, v. MON-
ROE CALCULATING MACHINE COMPANY, INC., RE-
SPONDENT.

Argued June 6, 1966—Decided July 8, 1966.

*Mr. Charles J. Farley, Jr.* argued the cause for appellant.

*Mr. David Hack* argued the cause for respondent (*Messrs. Haskins, Robottom & Hack,* attorneys; *Mr. John B. Winter,* of counsel).

The opinion of the court was delivered by

SCHETTINO, J. This is a workmen's compensation appeal. We granted certification (46 *N. J.* 423 (1966)) on petitioner's application from a judgment of the Appellate Division whose opinion is reported in 90 *N. J. Super.* 64 (1966). The appeal concerns the following part of *N. J. S. A.* 34:15–13[1] and more particularly the italicized parts:

---

[1] After the argument of this matter, the Legislature amended the statute to grant full dependency benefits to children of a deceased female employee. *L* 1966, *c* 126, *sec.* 2. No doubt the purpose was to overturn the decision of the Appellate Division now before us. For the reasons given in this opinion, we are satisfied the amendment was not needed.

"Dependents defined. g. The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or the occurrence of occupational disease, or at the time of death, namely: Husband, wife, * * * children * * *.

*Dependency shall be conclusively presumed as to the decedent's widow and natural children* under 18 years of age who were actually a part of the *decedent's household at the time of his death.* Every provision of this article applying to one class shall be equally applicable to the other. * * * The foregoing schedule applies only to persons wholly dependent, and in the case of persons only partially dependent, *except in the case of the widow and children who were actually a part of the decedent's household at the time of his death,* the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages * * *." (Emphasis added)

The issue is: Does the conclusive presumption of dependency of children under this section of the Workmen's Compensation Act apply only where the decedent parent is a male employee and not where as here the employee was a female?

The facts are as follows: On October 3, 1961 the petitioner's wife, Madeline Petrozzino, died from work-connected causes, survived by her husband, the petitioner, and her minor son, Charles, age 3. There was no dispute that the child was her child, under 18 years of age and actually part of his mother's household at the time of her death.

The petitioner contends that his child is within the precise class set forth in the language of the statute, that dependency of the child on the mother is conclusively presumed as to the infant son, that therefore the child is entitled to the statutory benefits. The Compensation Division, holding that the presumption did not apply to children of working mothers, denied benefits to the child. The County Court reversed, holding the presumption operated in favor of children regardless of whether the decedent was a working father or mother. The Appellate Division reversed the County Court and held that the word "widow" restricts the word "decedent's" to mean only a male decedent and that therefore the statute does not operate to create a conclusive presumption of dependency in favor of a child of a working mother.

We have recently reiterated that in construing the Workmen's Compensation Act it is axiomatic that a liberal construction be given. *Close v. Kordulak Bros.*, 44 *N. J.* 589, 604 (1965). And more particularly where, as here, the dependency section must be interpreted, a construction must accomplish the statutory purposes of making the cost of work-connected injuries part of the cost of the employer's product, thus relieving society as a whole of the burden of supporting the dependents of those whose death is caused by work-connected injuries. *Stellmah v. Hunterdon Cooperative G. L. F. Service, Inc.*, 47 *N. J.* 163, 169–170 (1966).

The original Workmen's Compensation Act was enacted in *L.* 1911, *c.* 95, *p.* 134, and contained no dependency provision analogous to section 13. However, in *L.* 1913, *c.* 174, *p.* 302 the act was amended to provide:

"The term 'dependents' shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death, namely: husband, wife, * * * children, * * *. * * * *provided, however*, that dependency shall be presumed as to a widow who was living with her husband at the time of his decease, and children under the age of eighteen years; * * *."

Then by *L.* 1919, *c.* 93, *p.* 206, the word "conclusively" was added to establish the presumption as irrebuttable and not dependent upon a showing of actual contribution to the support of the dependent. *Bower v. Metal Compounds Corp.*, 121 *N. J. L.* 421, 3 *A.* 2d 164 (*Sup. Ct.* 1938), affirmed 122 *N. J. L.* 380, 5 *A.* 2d 699 (*E. & A.* 1939); *Gliewe v. Mulberry Metal Stamping Works, Inc.*, 18 *N. J. Misc.* 461, 14 *A.* 2d 58 (*C. P.*), affirmed 125 *N. J. L.* 555 (*Sup. Ct.* 1940).

In *L.* 1921, *c.* 85, *p.* 140 the provision was amended to read substantially as it presently exists with further amendments merely changing the age limits of the children entitled to the presumption and including death by occupational disease among other enumerated causes of death. See, *L.* 1923, *c.* 49, *p.* 106, as amended by *L.* 1945, *c.* 74, *p.* 387.

Respondent initially contends that the legislative history of the dependency provision requires us to interpret the depen-

dency provision as excluding children of working mothers from the class of dependent children covered by the presumption. Respondent argues that as working mothers were not common in the period 1910–1920, the Legislature by adding "conclusively" to the presumption in 1919 used "decedent's widow and natural children," *L*. 1919, *c*. 93, *p*. 206, to replace the 1913 statutory language "presumed as to a widow who was living with her husband at the time of his decease, and children," intending thereby to narrow the class of persons to be benefited by the new formula. Respondent seeks to support this theory by pointing to the increase of women in the work force during the First World War years and contending that the Legislature recognized the problem of children of working mothers as dependents and specifically used the conjunctive "and" to exclude them from the benefit of the stronger presumption.

We cannot agree with the basis of respondent's argument. We note that in 1910 New Jersey had a work force of 1,074,-360; of which 239,565 were women and 37,653 of these were married. In 1920 the work force in New Jersey totaled 1,310,653; 295,990 women and 50,451 of these were married women. *United States Department of Commerce, Bureau of Census* (1910) and (1920). Thus in both 1910 and 1920 the percentages of working women were not only substantial but in fact were similar. These figures would indicate that the Legislature would provide for a similar treatment of the problem had the women's working force been the critical factor considered. See 2 *Sutherland, Statutory Construction* (3*d Horack ed.* 1943), §§ 4105 and 5003.

■ Respondent also contends that the statute must be read to effectuate the legislative intent as expressed by the plain meaning of the words as usually and commonly accepted. Thus, the phrase "decedent's widow and children" must be read to exclude children of working mothers for the term "decedent's" modifies "widow and children" and must be taken to refer to the masculine gender only for the term "widow" clearly refers to the female only and moreover the

word "and" must be read in the conjunctive. We disagree. *N. J. S. A.* 1:1–2 provides in part:

"Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them.

\*     \*     \*     \*     \*     \*     \*     \*

Number; gender. Whenever, in describing or referring to any person, party, matter or thing, any word importing the \* \* \* masculine gender is used, the same shall be understood to include and to apply to \* \* \* females as well as males, \* \* \*." [2]

The word "his" in "his death" in *N. J. S. A.* 34:15–13(g) should be deemed to read "his or her." The

_____

[2] This rule of construction was first enacted in *Gen. Stat.* 1874, *p.* 3195 § 33 (See *Rev.* 1877 *p.* 1121) and has continued in effect to the present. As described in the early case *Walker v. Hyland,* 70 *N. J. L.* 69, 80 (*Sup. Ct.* 1903):

"This section is as forceful in the construction of pre-existing as after-enacted legislation. It is in *pari materia* with every statute of the state. The title of the act clearly indicates its purpose. It is in effect an amendment of every existing statute. It is to be deemed a part of every act passed subsequently to it. It is by express words made applicable to every statute, unless in the act 'it be otherwise provided, or there be something in the subject or context repugnant to such construction.' It declares that the masculine gender, when 'used in *any* statute,' shall include 'females as well as males.'"

The presumption with which we deal was first enacted in *L.* 1919, *c.* 93, *p.* 206 and therefore as we must presume that the Legislature is thoroughly conversant with legislation which it has enacted, *Eckert v. New Jersey State Highway Department,* 1 *N. J.* 474 (1949). It cannot be said that the Legislature intended to exclude females by use of the words "decedent's widow" unless a repugnancy exists. See *Ghesquier v. Fire & Police, Etc., Paterson,* 117 *N. J. L.* 327 (*Sup. Ct.* 1936).

In *Ghesquier,* plaintiff husband on behalf of his daughter, age 3, sought a monthly pension of $25 under *L.* 1920, *c.* 160, *p.* 324 providing for pensions of municipal firemen, policemen and their dependents. Plaintiff's wife was a policewoman in Paterson who from 1928 to 1935, the date of her death, had contributed to the pension fund. Defendant denied plaintiff's application claiming that the plain meaning of the statute prohibited an allowance to her child. The court held for plaintiff notwithstanding the language of the statute referred to the masculine gender (117 *N. J. L.,* at *pp.* 328–329):

"Section 1 thereof \* \* \* provides for the voluntary and compulsory ages of retirement, and further provides that '*the widow of*

critical phrase in the statute accordingly would read this way: "[T]he decedent's widow and natural children under 18 years of age who were actually a part of the decedent's household at the time of his [his or her] death." With the interpolation required by *N. J. S. A.* 1:1–2, it becomes evident that "his or her" modifies decedent and thus indicates that the decedent may be either the father or mother of the child. We are satisfied that when the Legislature decided there should be paid to a surviving child who is a member of the decedent's household the benefits which would be payable in the case of total dependency whether or not the dependency was total in fact, the Legislature took into account that a child who loses a parent suffers a loss above and beyond the pecuniary support which the parent furnished, and that the compensation is payable as if the dependency were total in order to compensate the child for that additional incalculable loss. The same considerations apply whether the parent who died is the mother or the father of the child and hence we

---

*every retired member* of such police or fire department * * * shall, so long as she remain unmarried, receive a pension * * * not exceeding one thousand dollars *for the use of herself and the children under sixteen years of age of her deceased husband, if any.*'

Section 3 thereof * * * provides that 'the widow or children * * * of any member of the police or fire department, having paid into the fund the full amount of *his* annual assessment or contributions, who shall have lost *his* life in the performance of *his* duty, or who shall die from causes other than injuries received in the performance of duty, shall receive a pension * * * not exceeding one thousand dollars; provided, however, that in case of a widow and children such pension shall be paid to the widow *for the use of herself and children,* if any, and in the case of children and no widow, then such pension shall be paid to such of the children who have not attained the age of sixteen years * * * if one child, twenty-five dollars monthly.' (Italics supplied.)"

The court reasoned that the act required a liberal construction and that 4 *Comp. Stat.* 1709–1910, *p.* 4972 (now *N. J. S. A.* 1:1–2), as construed in *Walker v. Hyland, supra,* required the court to read the statute as permitting children of female policemen and firemen to recover a monthly allowance. It stated (117 *N. J. L.,* at *p.* 331):

"It seems to us that it would work an obvious wrong; a great injustice, if in construing the plain provisions of the act, we were to

think it in keeping with the probable legislative intent to deem the child who is a member of the mother's household a total dependent of the mother.

Respondent also claims a windfall would be granted to the children of working mothers if the presumption applies for, if the father dies in a compensable accident within the purview of the Workmen's Compensation Act, the child here would receive two total dependency awards.[3] We suggest a counterbalancing situation where, shortly after the mother's death, the father dies in a noncompensable status leaving no assets. This child would be left with no support and would become a burden on society. That this and analogous situations are what the act's dependency provision is aimed at avoiding, is clear.

We hold that a child of a working mother, whose death is otherwise compensable under the act, is entitled to be "conclusively presumed" a dependent within the meaning of *N. J. S. A.* 34 :15–13 (g).

Reverse and remand.

HALL, J. (dissenting). The issue in this case is not whether a child of an employed mother is entitled to any

---

make a distinction between children of a deceased policeman and children of a deceased policewoman.

There is nothing in reason or right to justify any such construction. The test under the act, it seems to us, is not whether the deceased parent was male or female, but whether the deceased parent—male or female—was a member of the police or fire department in good standing. Did he or she, as such member, comply with the provisions of the act?

Nor do we think that it is any answer, as is the one further made here, that prosecutor should not be paid the pension because she is not likely to become a public charge; that her father is well able to take care of her. That is begging the question. The beneficiary of any insurance fund is either entitled to the fund or not. The financial status of the insured or the beneficiary is beside the question."

[3] We note that the Supreme Court of Iowa in *Day v. Town Club, et al.*, 241 *Iowa* 1264, 45 *N. W. 2d* 222, 225 (1950), did not find disturbing a possible double dependency by a child.

compensation upon her work-connected death, but rather whether the Legislature has provided that such a child shall be conclusively presumed to be wholly financially dependent on the mother, irrespective of the actual fact, and thus shall automatically receive maximum benefits. When the history of *N. J. S. A.* 34:15–13g is carefully studied (*L.* 1911, *c.* 95, *p.* 139, § 12; *L.* 1913, *c.* 174, *p.* 305, § 2; *L.* 1919, *c.* 93, *p.* 205, § 2), it seems indisputable to me that *N. J. S. A.* 1:1–2 has no proper application, that the presumption is confined to the case of death of the working father, and that the Appellate Division was certainly right in saying that "[t]o hold otherwise would be to give a tortured interpretation to words which are otherwise clear and unequivocal." 90 *N. J. Super.*, at *p.* 67. Even though a court feels a result to be socially desirable, it should not fail to accord a statute its plain meaning. Amendment is a legislative and not a judicial function. As the majority opinion points out in footnote 1, the Legislature recently did amend *N. J. S. A.* 34:15–13g to cover the situation here involved. But the amendment, of course, is prospective in operation and by its specific terms does not become effective until March 1, 1967. *L.* 1966, *c.* 126, §§ 2 and 19.

I would affirm the judgment of the Appellate Division.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For affirmance*—Justice HALL—1.