THE BOARD OF HEALTH OF JERSEY CITY, PLAINTIFF-RESPONDENT, v. SIDNEY FRUHMAN, DEFENDANT-RELATOR.

Argued October term, 1928—Decided November 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the defendant-relator, *Joseph M. Alsofrom.*

For the plaintiff-respondent, *Thomas J. Brogan.*

PER CURIAM.

This writ of *certiorari* brings up for review the record of a judgment obtained for a penalty against the relator, or prosecutor, before the Second District Court of Jersey City. The state of demand filed alleged the cause of action as follows: That on January 4th the defendant had in his possession, in a store located at 107 Newark avenue, Jersey City, with intent to distribute and sell and to offer for distribution and sale, one hundred and nine and one-half pounds of miscellaneous meats that were slimy and putrid and unfit for food, all of which was contrary to an act entitled, "An act to secure the purity of foods, beverages, confectionery, condiments, drugs and medicines, and to prevent deception in the distribution and sales thereof (Revision of 1907)." The act is known as chapter 217 (*Pamph. L.* 1907), and the provision particularly alleged to have been violated is section 3, paragraph 6 of a supplement to the act, known as chapter 156 of the laws of 1909.

For this offense the board of health alleged a penalty of $50, besides costs of suit.

The court gave judgment, after hearing and trial, for $200, which was entered against the defendant.

The main contention of the prosecutor is that the trial court did not have the right to fine the prosecutor $200; that under the section set forth in the state of demand no power was vested in the court to impose any penalty because the act provided no penalty for a violation of section 3, paragraph 6, of the supplement of 1909.

These acts are all in *pari materia* and must be read conjunctively as one continuous act. Section 1 of the Pure Food act (1907) provides: "That no person shall distribute or sell, or manufacture for distribution or sale, or have in his possession with intent to distribute or sell, any article of food or drug which under any of the provisions of this act is or shall be deemed to be adultered or misbranded."

Section 3 of the supplement of 1907 defines adulterated food as follows: "If it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance, or any portion of an animal unfit for food, whether manufactured or not, or if it is the product of a diseased animal or one that has died otherwise than by slaughter."

Section 32 of the same act (1909) provides: "That every person who shall violate any of the provisions of section 1 of this act shall be liable to a penalty of $50 for the first offense, and $100 for the second offense, and $200 for the third and each subsequent offense."

Upon this subject the defendant was not misinformed or misled, since the act of the legislature, with which he must be presumed to have been conversant, and which was referred to in the state of demand as the basis for the action, makes the penalty specific and clear. The state of demand clearly informed the prosecutor of the statute alleged to have been violated. The facts constituting the violation were distinctly stated and he was thereby informed that it was for such violation that the penalty was claimed; and the record shows that a motion was made and allowed to amend the summons and

the state of demand in this particular so as to conform with the provisions of the act. This we think was entirely regular. *York* v. *Frank,* 1 *N. J. Mis. R.* 544. It has been settled as a rule of procedure and practice that where the pleading contains an averment of facts bringing the case within the terms of the statute a general reference to the statute imposing the penalty is generally regarded as sufficient for the purposes of a judgment. *State Board of Health* v. *Van Druens,* 77 *N. J. L.* 443.

The contention therefore made that the court awarded a judgment for an amount greater than that originally demanded by the summons is without substance, and affords no basis for a reversal of the judgment.

It appears from the record that the prosecutor was a third offender in the respect complained of, and was subject to the penalty of $200; and it is also to be observed that section 40 of the Pure Food act (Revision of 1907) vests a liberality of amendment in the trial court sufficiently comprehensive to include the question now raised.

It may be also observed that the District Court has the power to amend pleadings in the respect complained of. *Comp. Stat., p.* 2002, section 161 of the District Court act.

The cases cited by the defendant in support of his contention manifestly refer to situations where the defendant was not before the court at the time of the amendment, and where the amendment was made without his presence or knowledge. The defendant therefore was not embarrassed or prejudiced in any way by the proceedings taken, but must be held to have had ample notice of the provisions of the statute, and the amendments made upon notice in his presence, which are sufficiently comprehensive to justify the judgment rendered against him.

Our conclusion therefore is that the judgment appealed from should be affirmed, with costs.