JACOB GRIMM, PROSECUTOR, v. BOARD OF CHOSEN FREE-
HOLDERS OF THE COUNTY OF SUSSEX, RESPONDENT.

Argued May 4, 1937—Decided May 14, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Morris & Downing.*

For the respondent, *William A. Dolan.*

BODINE, J. For more than twenty years, the prosecutor, Jacob Grimm, was janitor for the Sussex county public buildings and grounds. On March 20th, 1916, the board of freeholders received bids to fill the position. Thereafter the position was awarded to the prosecutor, his salary being fixed at $50 per month. During the intervening years, increases of salary were made but no term fixed. January 12th, 1937, the employment was terminated by resolution without notice. Prosecutor is the holder of an exempt fireman's certificate issued pursuant to *Pamph. L.* 1911, *p.* 444, which provides as follows: "No person now holding a position or office under the government of this State, or the government of any county * * * of this State, or who may hereafter

be appointed to any such position, whose term of office is not now fixed by law and receiving a salary from such State, county * * *, who is an exempt fireman of any volunteer fire department, &c., holding an exemption certificate issued to him as such exempt member of any such volunteer fire department, company or corps, shall be removed from such position or office except for good cause shown after a fair and impartial hearing, but such fireman shall hold his position or office during good behavior and shall not be removed for political reasons."

It seems clear that the prosecutor is the holder of a county position. "The janitor of a county court house, appointed by the board of chosen freeholders of such county, is not a public officer, but holds a position." *Daily* v. *Freeholders of Essex,* 58 *N. J. L.* 319. The janitor of a court house holds a position. *Peterson* v. *Salem,* 63 *Id.* 57. The janitor of a city police station holds a position. *Dolan* v. *Orange,* 70 *Id.* 106. The janitor of a city hall holds a position. *Hart* v. *Newark,* 80 *Id.* 600. See, also, *Board of Education of Bayonne* v. *Bidgood,* 11 *N. J. Mis. R.* 735.

It is quite clear also that one holding a position, the term of which is not fixed by law and receiving a county salary, is protected under the statute from discharge without good cause being shown if he is the holder of an exemption certificate issued to him as a member of a volunteer fire department.

Mr. Justice Trenchard said in *Garey* v. *Riddle,* 84 *N. J. L.* 80: "All that the act requires is that the prosecutor shall be an exempt fireman of any volunteer fire department holding an exemption certificate issued to him as such exempt member." See, also, *Howley* v. *Wyckoff,* 96 *Id.* 288; *Nickerson* v. *Wildwood,* 111 *Id.* 169, and *Maxwell* v. *Wildwood,* 111 *Id.* 181.

The respondent says that the prosecutor was not the holder of an exempt fireman's certificate when he took the position. The statute, however, protects him because he is the holder of an exemption certificate issued to him as an exempt member of a volunteer fire department. It does not provide that the protection is accorded to those who have the certificate

before they accepted the position, but protects all those holding a county position who possess the exemption certificate. We cannot change the legislative meaning.

The action complained of was improper and the prosecutor is entitled to his position until removed in accordance with the provisions of *Pamph. L.* 1911, *p.* 444.

The order of dismissal will be set aside, with costs.