CHARLES W. GREENFIELD, PROSECUTOR, v. PASSAIC VALLEY SEWERAGE COMMISSIONERS, A PUBLIC CORPORATION OF NEW JERSEY, DEFENDANT.

Argued October 2, 1940—Decided January 20, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor *Greenburg, Wilensky & Feinberg* (*Oscar R. Wilensky*).

For the defendant, Passaic Valley Sewerage Commissioners, *Louis Auerbacher, Jr.*

*Amicus curiæ, David T. Wilentz,* attorney-general, and *Harry A. Walsh.*

The opinion of the court was delivered by

CASE, J. On May 7th, 1935, Charles W. Greenfield was sworn in as a member of the Passaic Valley Sewerage Commissioners for a term of five years, having been shortly theretofore appointed to that office by the governor and confirmed by the senate in accordance with the Passaic Valley Sewerage District statute, chapter 48, *Pamph. L.* 1902, as amended by chapter 126, *Pamph. L.* 1927. *R. S.* 58:14-3, restating the pertinent legislation, did not change the term of office or the

manner of appointment. Greenfield functioned until the end of his term in May, 1940. By that time another statute had come into existence, namely, chapter 385, *Pamph. L.* 1938, entitled "An act providing for tenure of office of exempt firemen," which provided:

"1. Every exempt fireman holding an exempt fireman's certificate issued to him in accordance with the laws of this State now employed or holding any office or position except one created by the Constitution under the government of this State or any county, municipality or board of education of this State, shall continue in said employment, office or position during good behavior and shall not be removed from said employment, office or position except for good cause shown after a fair and impartial hearing upon written charges preferred against him.

"2. Every exempt fireman holding an exempt fireman's certificate issued to him in accordance with the laws of this State, hereafter employed or appointed to any office or position, except one created by the Constitution, under the Government of this State or a county containing the municipality from which said exempt fireman's certificate was issued or who may be hereafter employed or appointed to any office or position, except one created by the Constitution, under the government of the municipality from which said exempt fireman's certificate was issued or the board of education of said municipality and who has served or shall hereafter serve in said employment, office or position for the term of three consecutive years, shall continue in said employment, office or position and shall not be removed from said employment, office or position except for good cause shown after a fair and impartial hearing upon written charges preferred against him."

It is our construction, as well as prosecutor's contention, that the phrase "except one created by the Constitution" is to be given the effect of a parenthetical exception, complete in itself, from the application of the statute.

Greenfield is an exempt fireman holding an exempt fireman's certificate and has been such continuously since prior to the passage of the tenure statute and to the expiration of

his five-year term. No charges were at any time preferred against him, and he was never accorded a hearing as on charges. He demands that because of his status as an exempt fireman under the above mentioned statute and notwithstanding the expiration of the statutory term for which he was appointed he be permitted to continue to serve as a commissioner and to be paid compensation as such. The *certiorari* reviews a resolution passed by the commissioners on June 26th, 1940, rejecting those demands. The defendant contends that prosecutor's office was not under the government of the state or of any county or municipality of the state. We reserve that question and decide the issue on other grounds.

The first inquiry will be as to the legislative intent.

The issue is far-reaching. In the category of offices under the government of the state are those of the Superintendent of State Police; the Commissioner of Labor; the Commissioner of Motor Vehicles; the State Purchase Commissioner; the State Finance Commissioner; the Commissioner of Alcoholic Beverage Control; the Budget Commissioner; the Superintendent of Weights and Measures; the several members of the Civil Service Commission, the Board of Commerce and Navigation, the Board of Conservation and Development, the State Board of Education (including the commissioner), the Department of Health, the Board of Institutions and Agencies, the Board of Public Utility Commissioners, the State Board of Tax Appeals, the Unemployment Compensation Commission; the State Highway Commissioner; and the State Tax Commissioner. An exempt fireman who occupied any of these offices at the passage of the statute would, if prosecutor's argument be sound, continue to hold office for life subject only to removal for cause and upon hearing. The foregoing list is not comprehensive of all the state-wide appointments and does not touch upon regional appointments such as that of prosecutor or upon any of the county or municipal offices. It is, however, sufficiently broad to indicate the extent to which the suggested statutory construction would revolutionize important phases of our public life and so bears upon the question of legislative intent.

The provisions of the statute appear to be inconsistent with such a scheme. For illustration: The statute provides that an incumbent of office shall not be removed except for good cause shown after a fair and impartial hearing upon written charges preferred. It assumes a legal status, common to all affected persons, that will conveniently permit such a removal procedure. Let us take the office of member of the Board of Utility Commissioners. That office is not created by the constitution. It is filled by appointment made by the governor and confirmed by the senate. *R. S.* 48:2-1. According to the statute the appointment is for the term of six years. If charges are to be preferred, with whom shall they be filed and by whom shall they be tried? The statute contains no direction. There is no such problem if, as we believe, the statute is directed only toward those public servants who, whether holders of office, position or merely of employment, serve for unfixed terms, because such are usually under a superior officer or body who, or which, employs or appoints and is qualified to accept complaints and to try and to remove for cause; but not so here. To be sure there is the power of impeachment (Constitution, article VI, section 3, article V, section 11), but the accusation thereunder is formulated by the House of Assembly and is manifestly not the "written charges" referred to in the statute on tenure. Clearly, the statute is not geared to the formal, solemn and unusual procedure incident to impeachment. It happens that the Passaic Valley Sewerage Commissioners act contains a provision that the governor may remove for cause; but we are seeking to deduct, from the general application of the tenure statute, what classes of public servants the legislature meant to include. There is nothing to indicate that the "hearing" anticipated by the statute varies in kind as between one and another of the offices, positions or employments covered by the body of the act. Obviously, the legislature did not intend to set up a legislative scheme that was applicable only to persons whose rating in the scale of public service was that of office holders. It was legislating for office holders, position holders and those merely employed and was legislating for them upon such common ground that a short statute without

distinguishing schedules or separate procedure was considered adequate. Because of a defect in the title the statute failed of application to those who merely held positions or were simply employed, *Joyce* v. *Price,* 123 *N. J. L.* 171; *O'Connor* v. *Roberson,* 123 *Id.* 240; but that was not the legislative purpose.

Prosecutor seeks a statutory construction which would give to exempt firemen privileges substantially greater than have been accorded to any other class of our citizens. The tenure given to our war veterans of the army and of the navy does not extend to offices or positions the terms of which are fixed by law. True it is that the statute applicable to war veterans, *R. S.* 38:16-1, is made specifically to apply only to such positions and offices as have terms not fixed by law. So, too, was the earlier Firemen's Tenure act, *R. S.* 40:47-60. On the other hand, while the statute now under review does not specifically limit its application to offices with terms *not* fixed by law, neither is it by specific words made applicable to offices the terms of which *are* fixed by law. The contention is that inasmuch as the enactment by its terms fails to exclude from its operation offices having a fixed certain tenure, the purview of the act should be held to include those offices. But it has been held in comparable instance that language thus employed does not serve to repeal any act of the legislature which affixed to an office a definite period of holding. *Pierson* v. *O'Connor,* 54 *N. J. L.* 36. See, also, *McKenzie* v. *Elliott,* 77 *Id.* 43, the reasoning of which was followed by Mr. Justice Swayze in the trial below of *Attorney-General* v. *McGuinness* and so received the approval of the Court of Errors and Appeals in the decision of that appeal, 78 *N. J. L.* 346 (at *pp.* 349 and 385); *Fagen* v. *Morris,* 83 *Id.* 3; *Davaillon* v. *City of Elizabeth,* 121 *Id.* 380; *Ackley* v. *Norcross,* 122 *Id.* 569; *affirmed,* 124 *Id.* 133. Generally, implied repealers are not favored in the law. *Terrone* v. *Harrison,* 87 *Id.* 541; *Winne* v. *Cassale,* 100 *Id.* 291. The silence of the statute upon fixed terms is, we believe, persuasive argument that the law was not meant to apply to them, for the further reason that the direction is that the persons to whom it applies "shall continue in said employment, office or posi-

tion * * * and shall not be removed," &c. "Removal" has no relation to the termination of a fixed term. Pertinent words would, we think, have been used to mark the wiping out of office-holding by term or fixed period had such been the intention.

Further, section one of the Exempt Firemen's Tenure act, *supra,* under which prosecutor claims, is as silent upon elective offices as it is upon offices without fixed terms, and if the failure to make specific *exclusion* is to be taken as an intent to *include* then we are confronted with the extraordinary proposition that any qualifying exempt fireman who, at the passage of the act, held an elective office, other than one created by the constitution, is entitled to tenure therein. Under that construction would come the surprising development that an exempt fireman then holding the office of mayor or any other elective office in any of our municipalities, or the office of county freeholder or any other of the numerous elective offices in county or otherwise, not created by the constitution, is authorized to hold that office for life unless he shall be removed on charges for misbehavior.

We conclude that the statute was not intended to give, and does not give, tenure to the occupants, present or future, of offices which, as was that formerly held by prosecutor, are for a period of time definitely fixed by the legislature.

No constitutional ground has been alleged against the validity of the statute and none has been considered.

For the reasons stated above, we conclude that prosecutor is not entitled to retain the office of member of the Passaic Valley Sewerage Commissioners and that he is not entitled to receive the emoluments of that office for the period following the expiration of the statutory term of his appointment.

The writ will be dismissed, with costs.