CHARLES E. SMITH, PROSECUTOR, v. BOROUGH OF
MATAWAN, DEFENDANT.

Submitted January 21, 1941—Decided June 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Quinn & Doremus.*

For the defendant, *Edward W. Currie.*

The opinion of the court was delivered by

DONGES, J. This writ brings up the alleged dismissal of
the prosecutor as superintendent and engineer of the water-
works and sewer department of the borough of Matawan.

The essential facts are not in dispute and appear to be that
prosecutor was first appointed on January 12th, 1926, and
was re-appointed annually thereafter down to and including
January 2d, 1939. In 1940, he was not re-appointed. Prose-
cutor claims that he was the holder of an office, as distin-
guished from a position or employment, and that as an exempt
fireman he is entitled to tenure of office under chapter 385,
*Pamph. L.* 1938; *R. S.* 40:47-63, which provides that an
exempt fireman holding any office except one created by the
constitution shall have tenure and be removable only after
hearing upon charges. This act has been held unconstitutional
in so far as it applies to positions, *Joyce* v. *Price,* 123 *N. J.
L.* 171, and defendant contends that prosecutor was the holder
of a position and not of an office. We find it unnecessary to
determine this question.

It conclusively appears from the record before us that the appointments of the prosecutor, from 1926 to 1929, were for a fixed term of one year each. In three of those years, 1934, 1936 and 1937, prosecutor took an oath of office. Clearly he accepted an appointment for the term mentioned on each annual occasion. In this situation he may not claim any other status than the holder of an office for a fixed term and may not claim the protection of any statute to extend his term beyond the period for which he accepted it. He accepted his latest re-appointment after the adoption of the statute he relies upon. That statute was invoked in a claim of tenure in *Ackley* v. *Norcross,* 122 *N. J. L.* 569; *affirmed,* 124 *Id.* 133, where it was said "Relator having been appointed for a definite term and having accepted it, he is bound by that act, notwithstanding any tenure he may otherwise have."

In *Hardy* v. *Orange,* 61 *N. J. L.* 620, a claim of tenure under a Veterans' Tenure Act was made by the holder of a position who had accepted appointment for a fixed term to a position where the term of the position was not fixed by statute, and the Court of Errors and Appeals held "The acceptance by Hardy, the prosecutor, of an appointment to the position of keeper of the Orange reservoir for a period of one year from June 1st,. 1896 (assuming that it was a position whose term was not fixed by law), was a waiver of the benefits and privileges conferred upon him as a veteran Union soldier by the act of 1895, and at the expiration of the term fixed by his contract with the city that position became vacant."

We conclude that the prosecutor's conduct in accepting annual appointments for a term of one year each precludes him from asserting any claim to tenure under the statute relied upon. The writ is dismissed, with costs.