[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 23 
This is an appeal by the plaintiff from a judgment entered in the Superior Court (Law Division, Middlesex County) in favor of the defendant. Suit was brought by William J. Allgaier against the Township of Woodbridge to obtain an order compelling the governing body of said township to reinstate him in the office of building inspector of said township.
On June 17, 1935, the Township Committee of the Township of Woodbridge adopted a building ordinance by which the office of building inspector was established. The ordinance provides that the building inspector shall be appointed by the Township Committee to hold office "during good behavior and satisfactory service," and that he shall not be removed from office "except for cause after full opportunity has been given him to be heard on specific charges."
Pursuant to the provisions of said ordinance, the appellant was appointed building inspector of the Township of Woodbridge by resolution of the Township Committee adopted on June 17, 1935. The appellant accepted the appointment, which took effect July 1, 1935. He held said office continuously from July 1, 1935, until January 1, 1948, without any further appointment.
On December 31, 1947, the appellant was notified by letter of the chairman of the Administrative Committee of the Township of Woodbridge that his services as building inspector would end as of that date. At the annual organization meeting of the Township Committee held on January 1, 1948, a resolution was adopted terminating the services of the appellant as building inspector, and appointing one Charles Mangione as building inspector for the term of one year. *Page 24 
The appellant contends that, pursuant to said building ordinance, he was appointed building inspector "during good behavior and satisfactory service," and that he could not be removed from said office "except for cause after full opportunity has been given him to be heard on specific charges." Since he was not removed for cause after a hearing on specific charges, the appellant contends that his removal was illegal, and that he is entitled to an order of this court reinstating him as building inspector.
The Township of Woodbridge contends that the section of the building ordinance which gives the building inspector tenure of office "during good behavior and satisfactory service" is ultravires and void, and that the term of office of the building inspector expires, according to the statute, on January 1st next following the appointment.
R.S. 40:48-1 provides that:
"The governing body of every municipality may make, amend, repeal and enforce ordinances to: * * *
"3. Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; and to provide for the employment and compensation of such officials and employees, in addition to those provided for by statute, as may be deemed necessary for the efficient conduct of the affairs of the municipality;"
R.S. 40:46-6 provides that:
"The terms of office of all officers appointed or chosen by the mayor or other chief executive officer, or by the governing body of any municipality, except to fill vacancies, shall commence on January first of the year in which they are appointed, and continue for the respective terms fixed by law, when the term is for a definite period."
R.S. 40:145-12 provides that a township committee may appoint a township building inspector.
R.S. 40:145-13 provides that in townships:
"All appointive officers, except where otherwise provided, shall hold office until January first next following their appointment. * * * *Page 25 
"No officer shall hold over in his office after the expiration of the term for which he shall have been appointed." (P.L.
1946, c. 282, p. 963.)
The foregoing statutory provisions are in pari materia, and therefore must be read together when construing their meaning. The legislative mind is presumed to be consistent, so these statutes should be construed so that their provisions will be consistent one with the other (West Shore R. Co. v. State Boardof Taxes, 92 N.J.L. 332; affirmed, 92 N.J.L. 648; Board ofHealth of Jersey City v. Fruhman, 6 N.J. Misc. 1021;Commercial Trust Co. of N.J. v. Adelung, 136 N.J. Eq. 37). Statutes should also be construed so that, if possible, full effect is given to all parts thereof, and that no clause, sentence, or word is superfluous, void, or insignificant (Den exdem. James v. Dubois, 16 N.J.L. 285; Steel v. Board of ChosenFreeholders of Passaic County, 89 N.J.L. 609; HouseholdFinance Corp. v. State Board of Tax Appeals, 119 N.J.L. 230;Diorio v. Borough of Fair Lawn, 118 N.J. Eq. 556).
In seeking to ascertain the legislative intent, the courts will take into consideration the state of the existing law at the time the statute was passed (Keyport M. P. Steamboat Co. v.Farmers' Transportation Co., 18 N.J. Eq. 13; Little v.Bowers, 46 N.J.L. 300, 304; affirmed, 48 N.J.L. 370;Conover v. Public Service Ry. Co., 80 N.J.L. 681; Holt v.Akarman, 84 N.J.L. 371, 377). At the time of the passage of the statutes above mentioned, it was the law of this State that statutes granting authority to municipalities were strictly construed, and that if there was any reasonable or fair doubt of such statutory grant, the authority was denied (Carron v.Martin, 26 N.J.L. 594; Meday v. Borough of Rutherford,65 N.J.L. 645; N.J. Good Humor, Inc., v. Board of Commrs. ofBorough of Bradley Beach, 124 N.J.L. 162).
It is also a rule of statutory construction "that where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an *Page 26 
exception to the general statute" (Ackley v. Norcross,122 N.J.L. 569; affirmed, 124 N.J.L. 133).
Section 40:48-1 applies to all municipalities. It is part of the "Home Rule Act," chapter 152 of the laws of 1917, entitled "An Act Concerning Municipalities." It is, therefore, a general statute authorizing the governing bodies of municipalities to fix the terms of office of certain municipal officers. The question is, for which municipal officers may a municipality fix the terms of office? The language of the statute is that the governing body may, by ordinance, "prescribe and define" the terms of office for all officers "except as otherwise provided by law," and may provide for the compensation of such officers "in addition tothose provided for by statute, * * *." The phrase "except as otherwise provided by law" and the phrase "in addition to those provided for by statute" have the same meaning in this section of the statute. Therefore, the statute means that in addition to those terms of office which are expressly provided for by statute, the governing body of a municipality may provide terms of office for other officers as it may deem necessary for the efficient conduct of the affairs of the municipality. But a municipality cannot provide a term of office for any municipal officer where such is provided by statute.
Sections 40:145-12 and 13 are statutes dealing specifically with the appointment of a building inspector and other officers of a township. Those sections provide that a township committee may appoint a building inspector who may hold office until January 1st next following his appointment. Since section
40:46-6 provides that the term of office of such an appointed officer shall commence on January 1st of the year in which he is appointed, the term of office of a building inspector in a township is expressly fixed by statute at one year, ending January 1st of each year.
The court therefore concludes that those provisions of the township ordinance which provide that the building inspector's appointment "shall continue during good behavior and satisfactory service," and that he "shall not be removed from office except for cause after full opportunity has been *Page 27 
given him to be heard on specific charges" are illegal, void, and of no effect.
The appellant also claims tenure of office as an exempt fireman under R.S. 40:47-60 and R.S. 40:47-63. Section 40:47-60 expressly provides that it does not apply to any office the term of which is fixed by law (Greenfield v. Passaic Valley SewerageCommissioners, 126 N.J.L. 171), and it has been judicially determined that section 40:47-63 does not apply to any office the term of which is fixed by law (Smith v. Borough of Matawan,126 N.J.L. 585; affirmed, 129 N.J.L. 100). In the case ofGreenfield v. Passaic Valley Sewerage Commissioners, supra, the court said that "while the statute now under review does not specifically limit its application to offices with terms not
fixed by law, neither is it by specific words made applicable to offices the terms of which are fixed by law. The contention is that inasmuch as the enactment by its terms fails to exclude from its operation offices having a fixed certain tenure, the purview of the act should be held to include those offices. But it has been held in comparable instance that language thus employed does not serve to repeal any act of the legislature which affixed to an office a definite period of holding."
The judgment under review is affirmed, and the appeal is hereby dismissed. *Page 28