56 N.J. Super. 76 (1959)
151 A.2d 552
JAMES P. GANNON, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF SADDLE BROOK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1959.
Decided May 25, 1959.
*77 Before Judges PRICE, GAULKIN and FOLEY.
*78 Mr. Carmen M. Belli, argued the cause for plaintiff-appellant.
Mr. Irving C. Evers, argued the cause for defendants-respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff James P. Gannon brought an action in lieu of prerogative writs to test the validity of his removal as superintendent of public works and the legality of the appointment of the defendant, Frank Calandrillo, to replace him in this office. The trial court held that Gannon did not have tenure and that his employment was for a fixed term which expired prior to the naming of Calandrillo. Appeal is taken from the resulting judgment in the defendants' favor.
The essential facts are not in dispute. On January 24, 1955 the township committee of Saddle River (now Saddle Brook) adopted an ordinance creating the office of superintendent of public works which provided:
"Section 1. The Township Committee shall appoint some fit person as Superintendent of Public Works who shall be a resident of the Township.
Section 2. Said Superintendent shall have supervision over the repair and maintenance of public roads and highways of the Township and his duties shall include the supervision of repairs and maintenance of the Township water mains, sewer mains, laterals and other appurtenances, as well as storm drains, ditches and other public works. The said Superintendent shall also supervise maintenance and repair of other public works at the direction of the Township Committee."
At the same meeting plaintiff was appointed to the office "retroactive as of January 1, 1955." No provision was made for a term of office. On January 2, 1956, at its organization meeting, the governing body adopted a resolution appointing Gannon for a term expiring on December 31, 1956. On January 1, 1957 a similar resolution was adopted *79 naming him for a one-year term. On January 1, 1958 Calandrillo was appointed for a one-year term.
The basic problem to be resolved concerns the length of the term of office of the superintendent of public works under the 1955 ordinance. Specifically, the question posed is whether the appointment which Gannon received when the ordinance was adopted was for an indefinite term. The importance of the query arises from the fact that Gannon as an honorably discharged veteran is entitled to the benefits of N.J.S.A. 38:16-1 which proscribes the severance from employment of an honorably discharged veteran holding an office or position under state, county or municipal government, the term of which is not fixed by law, except for good cause shown after a fair and impartial hearing. The appellant argues, and we agree, that if the original appointment was for an indefinite term he enjoys tenure of office and all subsequent appointments purporting to fix a term were of no legal effect. Connors v. City of Bayonne, Hudson County, 36 N.J. Super. 390, 398, 399 (App. Div. 1955); Sheridan v. McCurnin, 124 N.J.L. 493 (Sup. Ct. 1940). If, on the other hand, as respondents contend, the office held by the appellant was one to which a fixed term attached by legislative mandate, it is manifest that the action must fail. Cf. Township of Woodbridge v. Civil Service Commission, 4 N.J. Super. 111 (App. Div. 1949); McGrath v. City of Bayonne, 85 N.J.L. 188 (E. & A. 1913); Salter v. Burk, 83 N.J.L. 152 (Sup. Ct. 1912). See also Talty v. Board of Education of School Dist. of City of Hoboken, 10 N.J. 69 (1952).
The respondent municipality was incorporated as a township and is governed by the provisions of N.J.S.A. 40:145-1 et seq., which we shall refer to as the "Township Act." The pertinent sections of this act are:
"40:145-12. In addition to the officers to be elected the township committee may appoint and employ a township attorney, a township engineer, a township building inspector, a township physician and *80 a treasurer. All such officers except the township attorney, engineer and building inspector must be residents of the township."
"40:145-13. All appointive officers, except where otherwise provided, shall hold office until January first next following their appointment.
The township engineer shall hold office for a term not exceeding three years * * *.
The terms of persons holding the position or office of attorney, building inspector and treasurer [in townships of a certain class] is hereby fixed at four years. * * *"
In common with all municipalities it is also governed by the Home Rule Act, N.J.S.A. 40:48-1 et seq. which provides in part:
"The governing body of every municipality may make, amend, repeal and enforce ordinances to:

* * * * * * * *
3. Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees."
The foregoing statutory provisions are in pari materia, and therefore must be read together. The legislative mind is presumed to be consistent, and statutes should be construed to the end that their respective provisions will be consistent one with the other, thus giving effect to the true meaning, intent and purpose of the legislation as a whole. Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 98 (1956); Allgaier v. Township of Woodbridge, 5 N.J. Super. 21 (App. Div. 1949).
The position of the respondents is that N.J.S.A. 40:145-13 is controlling and that by its terms the appellant, an appointive officer, was precluded from holding his office beyond the January 1 next following his appointment, as indeed was the municipality prevented from appointing him for an indefinite term. Allgaier v. Township of Woodbridge, supra.
The thesis of the appellant is that N.J.S.A. 40:145-13 applies only to the officers enumerated in N.J.S.A. 40:145-12. Hence, it is argued that the ordinance creating an office not mentioned in N.J.S.A. 40:145-12 and the *81 appointment to it must be attributed to the exercise of the legislative authority conferred by the Home Rule Act to create officers by ordinance and by the same means to fix the term of office where such offices and terms are not "otherwise provided by law." So he urges that since no fixed term was set forth in the creating ordinance, the term was indefinite and he became entitled to tenure. But the import of the words "except as otherwise provided by law" appearing in the Home Rule Act is diminished in significance by the fact that words of similar connotation, "where otherwise provided," also appear in 40:145-13. Moreover, the claimed interdependence of N.J.S.A. 40:145-12 and 40:145-13, which is a necessary ingredient of the premise on which appellant's argument is bottomed, is belied by a study of the history of the latter section. It is true that N.J.S.A. 40:145-13 presently makes reference to "all appointive officers" and contains provisions dealing with the terms of some of the officers enumerated in N.J.S.A. 40:145-12. This was not always so. When the statute was adopted in 1899 the section contained no specific provision as to the appointive officers enumerated in L. 1899, c. 169, § 6, p. 374. In 1942 by amendment there was inserted a special provision respecting the terms of the township attorney and treasurer. This provision was followed in the act by the following statement: "All other appointive officers, except where otherwise provided, shall hold office until January first next following their appointment." L. 1942, c. 149, § 1, p. 445. In 1944 this statement was amended to read: "All other appointive officers, except the township engineer and except as otherwise provided." L. 1944, c. 155, § 1, p. 586. The historical development outlined makes it quite clear that N.J.S.A. 40:145-13 is not merely adjectival to N.J.S.A. 40:145-12 but is much broader in scope of operation.
It is not to be doubted that with respect to the creation of offices and the fixing of terms of the same the Home Rule Act is to be regarded as the more general enactment *82 and the Township Act as the more specific one, and it is a familiar rule of statutory construction that "Where there is a seeming conflict between a general statute and a specific statute covering a subject in a more minute and definite way, the latter shall prevail over the former and will be considered an exception to the general statute." Goff v. Hunt, 6 N.J. 600, 607 (1951); Ackley v. Norcross, 122 N.J.L. 569 (Sup. Ct. 1939), affirmed 124 N.J.L. 133 (E. & A. 1940).
The appellant places considerable reliance on Allgaier v. Township of Woodbridge, supra, and Mara v. Parsippany-Troy Hills Twp., 24 N.J. 113 (1957). We think neither lends support to his cause. In Allgaier the relationship between the very statutes here involved was discussed at some length and the court gave strong indication that the Township Act, being the more specific, would govern any conflict between it and the Home Rule Act. In other respects the case is inapposite, the rationale of the decision being that the township was without authority to appoint a building inspector for an indefinite term since the office and a fixed term are specified in the Township Act; and further, that the Home Rule Act likewise provides for a fixed term for appointive officers. In Mara the provisions of the Township act in question here appear not to have been considered. We arrive at this conclusion not only as a result of our study of the official report but also in consequence of our examination of the appendix and the opinion of the lower court which is contained therein. One striking distinction between Mara and the case sub judice is that, following the adoption of the Civil Service Law at a general election, the governing body of Parsippany-Troy Hills enacted an ordinance prepared for it by the Civil Service Commission wherein the superintendent of public works was placed in the classified service. He thereby ceased to be an appointive officer and gained the tenure protection provided by the Civil Service Law for holders of positions. The mere fact that he continued to be known by his title was of no significance.
*83 Overall, we conclude that the township was fully within its authority in creating the office here in question and that N.J.S.A. 40:145-13 mandatorily established the term of the incumbent thereof. Therefore we hold that the appointments of Gannon for a fixed term were valid; that the term of each incumbency in office expired on the January 1 next following its making; and that Gannon acquired no right of tenure.
Affirmed.