118 N.J. Super. 354 (1972)
287 A.2d 479
GENE M. BIALKOWSKI, PLAINTIFF,
v.
BOROUGH OF RIDGEFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND GEORGE CALZA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 7, 1972.
*355 Messrs. Okin, Pressler & Shapiro, attorneys for plaintiff.
Mr. Michael L. Scherby, attorney for defendants.
BRESLIN, J.C.C. (temporarily assigned).
This matter originally came before the court on an order to show cause *356 why plaintiff was not entitled to relief sought in his verified complaint in lieu of prerogative writs against defendants Borough of Ridgefield and George Calza. The parties have stipulated that the court now consider and decide the issue presented as counter-motions for summary judgment.
The facts disclose that plaintiff holds a certificate of exemption issued January 1964 declaring that he had joined the Ridgefield Fire Department in June 1956. For the four consecutive years from 1968 to 1971 defendant borough passed resolutions appointing plaintiff as building inspector. At the annual organization meeting of the mayor and council a resolution appointing defendant Calza as building inspector for the year 1972 was adopted.
Plaintiff claims that he is entitled to tenure during good behavior in the office of building inspector as an exempt fireman, pursuant to N.J.S.A. 40A:14-64. Defendants attack this claim as barred by the provision of N.J.S.A. 40:87-15 that a borough building inspector shall hold office for one year. This controversy arises because N.J.S.A. 40A:14-64, effective as of July 1, 1971, fails to specifically limit its application to offices with terms not fixed by law.
Prior to July 1, 1971 the entire statutory set-up pertinent to the tenure of exempt firemen was found in N.J.S.A. 40:47-60 through 65. Section 62 referred to abolishment of positions. Sections 61 and 65 pertained to dismissal hearing procedure. Section 60 covered any form of governmental employment where the term of office was not fixed by law and prohibited removal for political reasons. Section 63 covered only offices and positions not created by the State Constitution and made no mention of term of office or political reasons for removal. Finally, section 64 was also limited to offices and positions not created by the Constitution, failing again to mention either term of office or political removals, and further required firemen to serve three consecutive years in office before attaining tenure.
Clearly, the above statutory scheme is ambiguous, inconsistent and contradictory. Plaintiff contends that these *357 difficulties have been resolved by the enactment of 40A:14-60 through 65. Sections 63 and 65 now refer to abolishment of positions. Section 61 provides that all exempt firemen be entitled to the same rights and privileges, and section 62 pertains to inter-municipal employment. The two sections relevant to the case at hand are sections 60 and 64, both of which have identical provisions for hearing procedures. Section 60 covers any form of governmental employment where the term of office is indeterminate and prohibits removal for political reasons. Section 64 is limited to offices not created by the Constitution, requires three consecutive years of service and fails to make any mention of term of office or removal for political reasons.
Plaintiff contends that section 64 is an exception to section 60. As a result, under the operation of the new statutory arrangement exempt firemen have tenure during good behavior in certain offices even where the term of office is fixed by law. This position is contrary to that taken by the courts when dealing with the predecessors of the present statutes.
The controlling case on the interpretation of the preceding statutory scheme in Greenfield v. Passaic Valley Sewerage Comm'rs, 126 N.J.L. 171 (Sup. Ct. 1941), in which plaintiff, an exempt fireman, was appointed to a statutory five-year term as a member of the Passaic Valley Sewerage Commissioners. When his term ended plaintiff claimed tenure during good behavior under what later became known as N.J.S.A. 40:47-63. The court concluded that the statute was not intended to give, and did not give, tenure to occupants of offices which are for a period of time definitely fixed by the legislature. There were four reasons set forth by the court that lead to this conclusion. It is the opinion of this court that these reasons are still applicable to N.J.S.A. 40A:14-64.
The first reason was based on the observation that the statute called for a hearing in order to remove an officer, *358 but provided no machinery for this procedure. The court recognized that offices with unfixed terms are usually under a superior officer or body that is qualified to accept complaints and to seek to remove for cause.
Secondly, the court looked to other legislation, such as the statute granting tenure to war veterans which specified terms not fixed by law, and statutes with similar language, which were interpreted not to repeal legislation that affixed a definite period of holding to an office.
The third reason was that the term "removal" in the statute has no relation to the termination of a fixed term.
Finally, the court took notice that the statute was silent as to elective offices as well as offices with fixed terms. If the latter is to be included by virtue of legislative silence, then also must the former. The court found the consequences of such statutory construction unacceptable.
The above case was favorably cited in Allgaier v. Woodbridge Tp., 5 N.J. Super. 21, 27 (App. Div. 1949), where the court denied tenure for good behavior to a building inspector who was an exempt fireman. The plaintiff had held the office continually for about 13 years under only one appointment.
The instant situation differs from the above and is more comparable to Smith v. Matawan, 126 N.J.L. 585 (Sup. Ct. 1941), aff'd 129 N.J.L. 100 (E. & A. 1942), in which plaintiff had been reappointed each year for 13 consecutive years. The court held that since he had accepted an appointment for the term mentioned on each annual occasion, plaintiff could not claim the status of an exempt fireman. This holding was followed in Lohsen v. Borough of Keansburg, 6 N.J. Super. 485, 493, 495 (Law Div. 1949).
In light of the foregoing decisions it is evident that plaintiff herein could not claim tenure during good behavior under N.J.S.A. 40:47-63. The language and context of N.J.S.A. 40A:14-64 do not reveal such a radical departure from the spirit of N.J.S.A. 40:47-63 that plaintiff can now claim a different status. This court presumes that when *359 the Legislature enacted the new statutory scheme it was thoroughly conversant with its own previous legislation and the judicial construction of same, Barringer v. Miele, 6 N.J. 139, 144 (1951), particularly since it continued the use of the same language, Egan v. Erie R. Co., 29 N.J. 243, 250 (1959). Consequently, the previous judicial construction is deemed to be in accord with the present legislative intent. In re Keogh-Dwyer, 45 N.J. 117, 120 (1965).
Plaintiff argues that the restrictive interpretation in Greenfield v. Passaic Valley Sewerage Comm'rs, 126 N.J.L. 171 (Sup. Ct. 1941), can be abandoned without doing violence to the reasoning of that case if N.J.S.A. 40A:14-64 is read to apply only to offices of an inherent nature that is compatible with tenure occupancy. The Legislature has already made tenure exceptions for a borough tax collector (N.J.S.A. 40:46-6.22A), a tax assessor (N.J.S.A. 40:46-6.13a) and a municipal clerk (N.J.S.A. 40:46-7). Such exceptions should be left to the express determination of the Legislature. Plaintiff's interpretation casts upon the courts the task of delving into the inherent nature of each office every time a claim for exempt fireman tenure is raised.
It is the role of the judiciary to construe legislation not solely for the purpose of resolving a particular controversy but also to demonstrate the operation and effect of certain statutory language so that the citizenry can better comply with the law and the Legislature can better construct the law. In 1941 the court gave specific meaning to the language into the statutory scheme of N.J.S.A. 40:47-63. In 1971 the Legislature incorporated this same language into the statutory scheme of N.J.S.A. 40A:14-60 et seq. The Legislature gave the court no indication that the meaning of the language had been changed and provided no guidelines to either the court or the citizenry that would permit and direct some deviation from the 1941 judicial determination of the operation and effect of such language.
It is the holding of this court that N.J.S.A. 40A:14-64 was not intended to give and does not afford *360 tenure during good behavior to exempt firemen in office where the term of office is fixed by law. Plaintiff, therefore, is not entitled to be reinstated as building inspector or to receive any emoluments of that office for the year 1972. His motion for summary judgment is therefore denied and the counter-motion of defendants granted.