RAYMOND W. SCHROEDER, PLAINTIFF-RESPONDENT, v. BOARD OF CHOSEN FREEHOLDERS OF ESSEX COUNTY AND ARTHUR JOHN BRAY, JR., DEFENDANTS-APPELLANTS.

Argued May 8, 1973—Decided June 5, 1973.

*Mr. Joseph C. Glavin, Jr.* argued the cause for defendants-appellants (*Mr. Francis Patrick McQuade,* attorney).

*Mr. David C. Thompson* argued the cause for plaintiff-respondent.

PER CURIAM. Reversing the Superior Court, Law Division, the Appellate Division held that plaintiff Schroeder was legally vested with tenure in the position of Project Director of the Essex County Office of Criminal Justice, Planning and Coordination as an honorably discharged war veteran and that he was illegally removed from that position by the Board of Freeholders, contrary to the Veterans' Tenure Act, *N. J. S. A.* 38:16–1 *et seq.* We granted certification. 62 *N. J.* 426 (1973). The determination of the Appellate Division was erroneous, *Perrella v. Board of Education of Jersey City,* 51 *N. J.* 323 (1968), and we therefore reverse.

The Board adopted a resolution creating the position effective July 1, 1970. A letter of the Civil Service Commission to Schroeder's counsel, stipulated into the record before the Appellate Division, states that the position is that of a department head, and is in the unclassified service pursuant to *N. J. S. A.* 11:22–2*d.,* which subsumes "heads of departments" under the unclassified service. (Essex County is a civil service county). It is apparent, moreover, that the county did not clear the creation of the position or the name of the appointee with the Civil Service Commission, as required by law when classified positions are to be filled. *N. J. S. A.* 11:22–16. Nor has Schroeder ever challenged the classification of the position by the Commission. We must therefore acecpt as fact, for purposes of our determination herein, that he occupied an unclassified position when he was terminated by the county in July 1971 by abolition of the position.

In *Perrella v. Board of Education of Jersey City, supra,* this court held that the Chief Administrative Counsel in the Legal Department of the Jersey City Board of Education, although a war veteran holding a position not for a fixed term, was not entitled to tenure in office under the Veterans' Tenure Act. The substantial basis of that holding was that the civil service statutes superseded the earlier veterans' tenure legislation to the extent that they were inconsistent and re-

flected antagonistic policies with relation to the subject of tenure; and that Perrella's position was in the unclassified service, under *N. J. S. A.* 11:22–2 *e.* and *k.,* a category of service devoid of tenure rights. The court said (51 *N. J.* at 339–40):

"Obviously when a board of education adopts civil service, subsections *e* and *k* [of *N. J. S. A.* 11:22–2], in barring the designated attorneys from tenure if they are appointed thereafter, are inconsistent with the earlier Veterans Tenure Act, *N. J. S. A.* 38:16–1. The Veterans Act is in broad general language and speaks in terms of any employment, position or office. Aside from the common sense doctrine that the specific usually controls the general, *Ackley v. Norcross, supra,* 122 *N. J. L.* [569], at p. 572, as we have said earlier, a general grant cannot be applied in a given case in the face of later specific statutes which reveal a legislative purpose to deny or to exclude an appointee from the tenure benefit of *N. J. S. A.* 38:16–1. *Brennan v. Byrne, supra,* 31 *N. J.* 333 (1960); *Cetrulo v. Byrne, supra,* 31 *N. J.* 320 (1960). Here the people of Jersey City adopted civil service for the school district personnel (except for those employees, teachers etc. who receive tenure under specific provisions of Title 18, Education). In doing so they brought into control all pertinent provisions of the civil service laws, including the specific provisions placing law officers and 'legal assistants' for the Board in the unclassified service. The obvious conflict between subsections *e* and *k* of *N. J. S. A.* 11:22–2 of the Civil Service Act and the earlier veterans statute, in our judgment, can be resolved properly in but one way: recognition of subsections *e* and *k* as controlling and as excluding veterans' tenure. * * *."

Notwithstanding the expressed rationale of *Perrella,* as just quoted, the Appellate Division did not regard that decision as "removing from the protection afforded by *N. J. S. A.* 38:16–1 *et seq.* all persons holding positions in the unclassified service". However, *N. J. S. A.* 11:22–2 expressly states that, "The unclassified service shall not be subject to the provisions of this subtitle[1] * * *." The most salient provision of the subtitle is tenure. *N. J. S. A.* 11:22–11.1. We therefore herewith make it clear, if *Perrella* left any doubt

---

[1]The subtitle is Subtitle 3 — "Counties, Municipalities and School Districts", under Title 11 — "Civil Service".

about it, that the legislative supersession of veterans' tenure *pro tanto* by the later enactment of civil service legislation excluding from tenure rights those in the unclassified service, extends in logic and policy to all persons in that category of the public service.

Judgment reversed; no costs.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, MOUNTAIN and SULLIVAN, and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.