139 N.J. Super. 229 (1976)
353 A.2d 153
AMOS SMITH, PLAINTIFF,
v.
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN AND STEPHEN J. CUCCIO, COUNTY ADMINISTRATOR OF THE COUNTY OF BERGEN AND JOHN DOE, TRUE NAME UNKNOWN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 30, 1976.
*231 Mr. Leonard J. Felzenberg for plaintiff (Messrs. Hodes, Felzenberg and Randall, attorneys).
Mr. Leon B. Savetsky, Assistant Bergen County Counsel, for defendants.
LESTER, J.S.C.
I have before me defendant's motion for summary judgment. The facts are not at issue. Plaintiff was summarily dismissed from his employment as a private clerk, public safety education, on February 21, 1975, a position plaintiff had held since January 4, 1970. As a certified exempt fireman, plaintiff asserts that he was entitled to a formal hearing prior to termination, under the provisions of N.J.S.A. 40A:14-60-64. Defendant, however, contends that the position of private clerk falls within the unclassified Civil Service categories (N.J.S.A. 11:22-2(m)) and is not protected by the exempt firemen's tenure statutes.
N.J.S.A. 40A:14-60 and 64 provide:
Whenever any person possessing an exempt fireman certificate holds an office, position or employment of the State, or a county or municipality or a school board or board of education for an indeterminate term, such person shall hold his office, position or employment during good behavior and shall not be removed therefrom for political reasons but only for good cause after a fair and impartial hearing.
For the purposes herein no term of office, position or employment of any such person shall be deemed to be fixed by law or coterminous with that of a noncontinuous appointing or employing board *232 or body; provided, however, that in no event is it intended that this provision shall apply to appointments made for a fixed or stated period of time.
Any hearing for removal of an exempt fireman shall be upon a written complaint setting forth the charge or charges and filed with the authority in charge. A copy thereof shall be served upon the person so charged with notice of the time and place of the hearing thereon. The person so charged shall have the right to be represented by counsel and to subpoena witnesses and documentary evidence. [N.J.S.A. 40A:14-60]
Whenever an exempt fireman holds a State, county, municipal or a board of education office not created by the Constitution, he shall hold such office during good behavior and shall not be removed unless for good cause after a fair and impartial hearing, provided he has or shall have served in said office for a term of 3 consecutive years. [N.J.S.A. 40A:14-64]
The exemption certificates and veteran's and firemen's tenure acts have existed for many years and are "identical in form and substance." Maxwell v. Wildwood, 111 N.J.L. 181, 184 (Sup. Ct. 1933) The earlier version of the firemen's tenure statute was construed in Grimm v. Sussex Bd. of Chosen Freeholders, 118 N.J.L. 210 (Sup. Ct. 1937), where the court found that
It is quite clear also that one holding a position, the term of which is not fixed by law and receiving a county salary, is protected under the statute from discharge without good cause being shown if he is the holder of an exemption certificate issued to him as a member of a volunteer fire department. [at 211]
Plaintiff was employed by defendant for over five years, longer than the statutory minimum for tenure, and has met all other prerequisites of N.J.S.A. 40A:14-60 et seq.
It appears evident that were this the only body of law to be applied to the instant facts, plaintiff would prevail. Plaintiff is a holder of an exempt fireman certificate who has occupied the county position to which he was appointed continuously for over 24 years. It is not necessary that he have had the certificate when appointed, Grimm v. Sussex Bd. of Chosen Freeholders, 118 N.J.L. 210 (Sup. Ct. 1937), and it has been held that a term coextensive with the appointing agency's pleasure, as is the case under N.J.S.A. 2A:157-10, is an indefinite one for purposes of the Exempt Firemen's Tenure Act, Maxwell v. Wildwood, 111 N.J.L. 181, 184 (Sup. Ct. *233 1933). The requirements of the act have patently been met here and tenure would normally attach in the absence of other considerations. [Muccio v. Cronin, 135 N.J. Super. 315, 320 (Law Div. 1975)]
It is, however, necessary to examine the decisions which have limited the rights of parties seeking protection under the tenure acts. In Cetrulo v. Byrne, 31 N.J. 320 (1960), plaintiff had been employed as a legal assistant by the Essex County Prosecutor. Cetrulo was summarily removed from his position, which the court deemed to be "confidential." Plaintiff also acknowledged that:
Of necessity, for the proper functioning of these high offices the incumbent must have free rein to select and remove his very close associates, to whom he entrusts sensitive and private confidences. * * * [at 332]
The court went on to point out that
* * * if the county prosecutor is to discharge his enforcement responsibilities effectively, his legal assistants should have his full trust and confidence in the same manner and to the same extent as do his assistant prosecutors; * * *. [at 332]
In Brennan v. Byrne, 31 N.J. 333 (1960), decided the same day as Cetrulo, the court extended its ruling to prosecutor's investigators for essentially the same reasons.
In Greenfield v. Passaic Valley Sewerage Comm'rs, 126 N.J.L. 171 (Sup. Ct. 1941), an exempt fireman who was appointed to a statutory five-year term as a sewer commissioner claimed tenure at the end of the term under what later was to be known as N.J.S.A. 40:47-63. The court decided otherwise, holding that the statute was not intended to give, and did not give, tenure to occupants of offices which are for a period of time definitely fixed by the legislature.
In Allgaier v. Woodbridge Tp., 5 N.J. Super. 21 (App. Div. 1949), tenure as a building inspector was denied an exempt fireman who had held the office continually for about *234 13 years under only one appointment. See also, Smith v. Matawan, 126 N.J.L. 585 (Sup. Ct. 1941), aff'd 129 N.J.L. 100 (E. & A. 1942), where an exempt fireman was denied tenure to a position to which he had been reappointed each year for many years.
These and many other cases have denied tenure under factual situations asimilar to the one now before the court.
In Perrella v. Board of Education of Jersey City, supra, [51 N.J. 323 (1968)] this court held that the Chief Administrative Counsel in the Legal Department of the Jersey City Board of Education, although a war veteran holding a position not for a fixed term, was not entitled to tenure in office under the Veterans' Tenure Act. The substantial basis of that holding was that the civil service statutes superseded the earlier veterans' tenure legislation to the extent that they were inconsistent and reflected antagonistic policies with relation to the subject of tenure; and that Perrella's position was in the unclassified service, under N.J.S.A. 11:22-2 e. and k., a category of service devoid of tenure rights. * * *

* * * * * * * *
Notwithstanding the expressed rationale of Perrella, as just quoted, the Appellate Division did not regard that decision as "removing from the protection afforded by N.J.S.A. 38:16-1 et seq. all persons holding positions in the unclassified service." However, N.J.S.A. 11:22-2 expressly states that, "The unclassified service shall not be subject to the provisions of this subtitle * * *." The most salient provision of the subtitle is tenure. N.J.S.A. 11:22-11.1. We therefore herewith make it clear, if Perrella left any doubt about it, that the legislative supersession of veterans' tenure pro tanto by the later enactment of civil service legislation excluding from tenure rights those in the unclassified service, extends in logic and policy to all persons in that category of the public service. [Schroeder v. Essex Cty. Bd. of Freeholders, 63 N.J. 124, at 125, 126, 127 (1973); emphasis supplied]
Although it has been amended numerous times since originally enacted in 1908 (L. 1908, c. 156, § 11), the language of the unclassified civil service statute relevant to the job of private secretary came in 1948 (L. 1948, c. 121, § 5), when the Legislature added subsections (j) through (o) to N.J.S.A. 11:22-2. Plaintiff is neither the holder of a position with a fixed term nor was he reappointed on a yearly (or other) regular basis as in the Greenfield or Allgaier *235 cases. He is and has been employed as a clerk in an unclassified civil service status for more than five years.
The Bergen County Director of Personnel seeks to justify plaintiff's termination from "temporary employment" without the necessity of showing "good cause after a fair and impartial hearing." N.J.S.A. 40A:14-60. Thus, the question as posed by defendant:
The threshold question on this motion, therefore, is the effect of the 1971 revision and whether it in any way granted tenure protection to exempt firemen in the unclassified service.
Plaintiff argues that the 1971 legislation was merely a revision of a pre-existing tenure act; that the prevailing principles of statutory construction indicate no change in the breadth or substance of the prior statutes, and that the cases of Muccio v. Cronin, supra; Bialkowski v. Ridgefield, 118 N.J. Super. 354 (Law Div. 1972), aff'd 120 N.J. Super. 194 (App. Div. 1972), and Caldwell v. Rochelle Park Tp., 135 N.J. Super. 66 (1975), all mitigate to the end that there was no change of substance in the statutory scheme. Defendant then points out that N.J.S.A. 40A:1-5 states that
The provisions of Title 40A not inconsistent with those of prior laws shall be construed as a continuation of such laws.
Thus, defendant concludes that the Legislature having indicated to the contrary, the cases of Perrella v. Jersey City Bd. of Ed., 51 N.J. 323 (1968), and Schroeder v. Essex Cty. Bd. of Freeholders, supra, preclude a decision in favor of plaintiff. It is defendant's position that these cases hold that all persons in the unclassified service under N.J.S.A. 11:22-2 do not attain tenure rights. The argument is premised upon a misunderstanding of the scope and nature of the cases and an attempt to so limit the relevant sections of the Exempt Firemen's Act as to render it meaningless.
*236 * * * when the Legislature enacts a codification or amendment of existing laws it is presumed to do so with knowledge of prior court decisions and the judicial construction placed thereon. Brewer v. Porch, 53 N.J. 167, 174 (1969); Petrozzino v. Monroe Calculating Machine Co., Inc., 47 N.J. 577, 582 (1966); In re Keogh-Dwyer, 45 N.J. 117, 120 (1965); Bialkowski v. Ridgefield, 118 N.J. Super. 354, 358-359 (Law Div.), aff'd 120 N.J. Super. 194 (App. Div. 1972). Generally, there is a presumption against legislative intent to effect a change of substance by a revision of laws, and that presumption is not necessarily overcome by mere change of phraseology or addition or omission of words, In re Glen Rock, 25 N.J. 241, 249 (1957); Kessler v. Zink, 136 N.J.L. 479, 482 (E. & A. 1948); Hammonton v. Civil Service Comm'n, 82 N.J. Super. 64, 73 (App. Div.), certif. den. 42 N.J. 140 (1964), unless there is a clear indication of a desire by the Legislature to alter existing law. New Shrewsbury v. Block 105, Lot 11, etc., 104 N.J. Super. 360, 365 (Ch. Div. 1969), aff'd o.b., 111 N.J. Super. 550 (App. Div. 1970). * * * [Caldwell v. Rochelle Park Tp., 135 N.J. Super. supra at 74]
Thus, although there are some differences in language between N.J.S.A. 40A:14-60 and the former statute, N.J.S.A. 40:47-60, the deletion of terms which related to the archaic organization of fire companies of a bygone era and the addition of a paragraph to clarify the meaning of an indefinite term of employment do not appear to signify a substantial alteration of legislative intent.
Such a determination need not even be made. It is evident that it matters not whether N.J.S.A. 40A:14-60 et seq. is merely a reenactment of N.J.S.A. 40:47-60 et seq. The end result, as it applies to the unclassified position of clerk, is the same. "The central inquiry" at this point is
* * * whether the total legislative scheme before the court reveals a purpose and intent to exclude a particular employment from the protections afforded by a general tenure statute. * * * [Muccio v. Cronin, supra 135 N.J. Super. at 323]
It may well be that neither veterans nor exempt firemen can obtain tenure as unclassified legal assistants or investigators in a prosecutor's office. This may also be true of a *237 nontenured office with a fixed term or of a yearly appointee. The factual situation before this court does not fit within any of these categories.
Here, plaintiff was employed as a clerk in the field of public safety education. The sensitivity, duties and requirements of public safety education are not comparable with that of the prosecutor's office, and the clerk need not be exempted from the otherwise relevant tenure statutes for the reasons stated in Cetrulo v. Byrne, supra. Plaintiff's situation here differs from the sensitive lawyer-client relationship in Perrella v. Jersey City Bd. of Ed., supra, where plaintiff was chief administrative counsel of the legal department of the board of education. The present plaintiff's position was not abolished as was that of Schroeder.[1] The exclusions from the firemen's act are numerous. It specifically protects only those volunteer firemen who are neither classified civil servants (who may not be dismissed without a hearing under the civil service statutes) nor serving in an unclassified position for a specified term.[2]
There must be some rationale to legislation. The 1971 revision of the statute must be given some logical meaning. We must read legislation sensibly, rather than literally. We must presume a legislative intent consonant to good reason and discretion. We must look to the entire legislative scheme and not become befogged by words  the internal sense makes the law. Any statute must be construed as a whole with reference to the system of which it is a part. Denbo v. Moorestown Tp., 23 N.J. 476 (1957); Loboda v. Clark Tp., 40 N.J. 424 (1963); Schierstead v. Brigantine, *238 29 N.J. 220 (1959); State v. Brown, 22 N.J. 405 (1956); Palkoski v. Garcia, 19 N.J. 175 (1955). Often the road to misconstruction is a literal one. N.J. State Bd. of Architects v. Armstrong, 89 N.J. Super. 358 (App. Div. 1965); Corrigan v. Gassert, 27 N.J. 227 (1958); Morss v. Forbes, 24 N.J. 341 (1957).
If, then, we are bound in our quest for legislative intent to examine the spirit and policy of the statute, must we not assume that there will be, in fact, some purpose to the legislation? To hold as defendant urges would emasculate N.J.S.A. 40A:14-60 et seq. Surely in 1971 the Legislature intended some benefit to exempt firemen when it adopted those sections of Title 40A here involved.
Surely, the Exempt Fireman's Act must apply to some municipal and county employees if there is any rational purpose to the act. It must thus apply (subject to the special exceptions discussed) to the only civil service employees not specifically excluded, i.e., unclassified employees serving for indefinite terms. Plaintiff is in this category. Defendant urges, nevertheless, that the tenure provisions should apply solely to counties where the employees are not covered by the civil service acts. To so hold, in the light of the case law exceptions, would limit the protection of N.J.S.A. 40A:14-60 et seq. to a single county, Somerset, which has never adopted civil service, and fly in the face of logic. Had the Legislature intended to protect only noncivil service employees, it would and should have said so in a specific manner. It did not.
The purpose of civil service and the exempt firemen's tenure statute is to remove governmental employees from the shifting political currents in order to maintain continuity and to protect those who also give additional service without compensation to their communities. Civil service is optional and county governments are permitted to exclude their employees from these provisions. The Legislature, surely, did not enact N.J.S.A. 40A:14-60 et seq. merely to erode local freedom of choice.
*239 The provisions of N.J.S.A. 40A:14-60 et seq. provide tenure for qualified, unclassified civil servants. Plaintiff has qualified thereunder and, failing the required hearing, was improperly removed.
The court directs reinstatement of plaintiff, subject to the determination of any hearing held pursuant to the provisions of N.J.S.A. 40A:14-60 et seq. Any awards of back pay, interest and additional damages are to be governed by the results of said hearing, which shall be held within six weeks hereof.
The court retains jurisdiction to effectuate the thrust of this opinion.
NOTES
[1] Moreover, plaintiff's position could not be abolished if said action was merely a ruse to remove him from his job. N.J.S.A. 40A:14-63.
[2] In Bialkowski v. Ridgefield, supra, the court held that the former building inspector had served consecutive one-year terms; that his job was subject to annual reappointment, and that plaintiff was not protected by N.J.S.A. 40A:14-60 et seq.